HILDA BELL MCMURRAIN v. D. B. GONZALEZ, as Trustee. *et al.*

193 So. 551
Opinion Filed February 2, 1940
Rehearing Denied February 21, 1940

*Coe & McLane,* for Appellant;
*Watson & Pasco & Brown,* for Appellee.

WHITFIELD, P. J.—This case is here on appeal from a final decree adjudicating that the divorce decreed to the wife, who was the testator's daughter, does not terminate a trust that is provided for in the following extract from a will:

"EIGHTH: I give, bequeath and devise unto my Executors hereinafter named all the residue of my estate, both real and personal, in trust, nevertheless and for the following uses and purposes only, viz.: the net income derived from that portion of my estate mentioned in this paragraph, both real and personal (it being two-thirds of my estate after payment of legacies mentioned in paragraphs second, third, fourth and fifth), shall be by my said Executors and Trustees divided and paid as follows, viz.: one-half of said net income to be paid to my daughter, Mrs. Hilda McMurrain, during the term of her natural life, unless her husband should die before she does, in which event one-half of the corpus of my estate as mentioned in this paragraph shall be immediately paid and or conveyed to her. In the event of the death of my daughter, Mrs. Hilda McMurrain, without issue before the death of her husband, then and in that event the share of my estate to which she would be entitled shall be and become the property of my wife, Mrs. Emma Bell, and by my said Executors or Trustees paid and or conveyed to her. Should my daughter die before her husband, and leave surviving her a child or any children and said child or children should die before he or she became twenty-five (25) years of age, then and in that event the portion of my estate to which my daughter would be entitled shall revert to and become

the property of my wife, Mrs. Emma Bell; but should the child or children of my daughter survive her, then and in that event the income from my daughter's share under this paragraph shall by my Executors and Trustees be paid in equal portions to said child or children until he or she or they shall have arrived at the age of twenty-five (25) years, at which time the corpus of my estate to which my daughter would be entitled to under this paragraph shall be divided between said children."

Appellant's counsel in effect contend that since the husband of the testator's daughter has been divorced by decree sought by her, the trust is satisfied and should be terminated, upon the theory that the quoted provisions of the will were designed to protect the bequeathed property from the daughter's husband, and that she having divorced him, the decree operates to satisfy the provision as made to protect the trust property from the husband and terminates the trust even though the divorced husband is living. This would require the corpus of the property to be "paid and or conveyed to" the testator's daughter even though she now has living children and the trust provides a remainder in the property for them.

The trust provisions must be considered in their entirety; and the expressed intent of the testator should be effectuated if such expressed intent is consistent with controlling law.

Even if appellant's contention would warrant favorable judicial consideration if confined to the first sentence of the quoted trust provisions of the will; yet as expressly contemplated by the testator, his daughter now has living children, and a consideration of the entire quotation from the trust provisions of the will, leads irresistibly to the conclusion that the divorce does not satisfy the expressed purpose of the testator so as to justify a judicial termina-

tion of the trust. The trust provisions contemplate that there may be children of the marriage and such provisions create an estate in remainder for them. There are children now living, and if they survive their mother, and she predeceased their father, they are to have the income their mother had, till they are twenty-five years of age, at which time they become entitled to the entire estate in the property in which the mother was bequeathed an income life estate.

When the will was executed and when the testator died, there were no children of the daughter, and the trust provisions clearly show the testator's intent to be that, if there are children of the daughter, a remainder in the property is raised for them; and if they survive their mother the trust shall continue, and the income be paid to the children "until they shall have arrived at the age of twenty-five (25) years, at which time the corpus of my estate to which my daughter would be entitled to under this paragraph shall be divided between said children."

Affirmed.

BROWN and CHAPMAN, J. J., concur.

THOMAS, J., concurs in opinion and judgment.

Justices TERRELL and BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.